## No. 11,000.

### G. J. REILEY vs. HIS CREDITORS.

A *devolutive* appeal lies from an interlocutory decree consolidating the proceedings in a surrender made by a commercial partner, individually to his individual creditors, with those of the surrender made by him and his co-partner, as commercial partners and as a firm, to the partnership creditors, even though a suspensive appeal does not lie from the decree, because its execution could cause no irreparable injury.

A decree consolidating the two proceedings is proper. Far from causing any injury to either class of creditors, or to any party concerned, the decree enures to the benefit of all such parties, by securing to them a speedy and uniform administration of their respective rights.

APPEAL from the Sixteenth District Court for the Parish of East Feliciana. *Brame, J.*

---

*W. F. Kernan* for Appellants.

---

*John H. Stone* contra.

## ON MOTION TO DISMISS.

The opinion of the court was delivered by

BERMUDEZ, C. J. It is claimed that the appeal herein should be dismissed, for the reason that the decree complained of is not a *final* judgment, but an interlocutory order, the [execution of which can cause no irreparable injury.

It appears that the two members composing the firm of Reiley & Co. went into court as co-partners, claimed the benefit of the insolvent laws and surrendered to their creditors all the property of the concern.

The cession was accepted and a syndic was elected and qualified.

Reiley, one of the members, subsequently made a surrender in his individual capacity, as well to his personal creditors as to those of the firm to which he belonged, giving statements of his assets and of the respective liabilities of both the firm and himself.

The cession was accepted, and on the application of certain creditors a provisional syndic was appointed.

The syndic elected in the insolvency proceedings of Reiley & Co. then intervened in those of Geo. J. Reiley and moved that the proceedings be consolidated with those in the insolvency of G. J. Reiley & Co., for the reason that Reiley, a commercial partner of Reiley & Co., should have made a surrender of his individual estate in said insolvency, and that the administration of his insolvent estate should be committed to the syndic of the insolvency of Reiley & Co.

The motion was opposed by Blair, an individual creditor of Geo. J. Reiley.

After hearing, the court ordered that the motion to consolidate be sustained and the opposition of Blair be overruled.

From this decree Reiley and Blair have taken an appeal, furnishing a bond for $250 if the appeal be suspensive, and for $100 if devolutive. The appeal was perfected by their giving each a bond for $100, therefore not as a *suspensive* but as a *devolutive* appeal.

Contending *arguendo* that no *suspensive* appeal could be taken from the order to consolidate, it by no means follows that a *devolutive* appeal does not lie from it. The appellants can not be deprived of the constitutional right of appealing in that way; otherwise no interlocutory decree against them could ever be revised and corrected, if erroneous.

The motion to dismiss is overruled.

## ON THE MERITS.

The question presented is simply whether the decree consolidating the proceedings in the insolvency of Reiley as an individual with those in the insolvency of the commercial firm of G. J. Reiley & Co. was correctly rendered.

The cession was made in the last proceedings, by G. J. Reiley and John B. Dunn, who appeared in *proper persons* for the purpose. The bilan and *affidavit* are signed by *both* of them.

When the cession was accepted by the court all the property of the insolvent debtors vested fully in their creditors, and the syndic, when elected, was entitled to claim and recover and administer the same according to law. R. S. 1791.

. The members, as individuals, were liable to the partnership creditors *in solido* as much as though they were individual creditors, although their rights against the property surrendered ranked those of the individual creditors. If the property abandoned proves insufficient to pay the partnership creditors, these can have recourse against the individual property of the members in their individual capacity. So that the creditors of the firm are also the creditors of the individuals composing it, and remain such, notwithstanding an individual surrender; the individual creditors having, however, no preference over those of the partnership on the individual property of the individual members.

This is so true that the syndic of the partnership insolvency would have a right, in a proper case, to seize the individual property of the members to secure the claims of the partnership creditors.

It is notorious to the profession and to the bench, that it is usual that whenever a surrender is made to partnership creditors the individual members, at the same time, make a cession of their individual property to their individual creditors, and the rights of both classes of creditors are liquidated and disposed of in the partnership insolvency proceedings.

It is impossible to conceive why, where this is not done by the surrendering partners, the court should not cumulate the proceedings in the individual cession with those in the partnership surrender·

It does seem that, on the contrary, far from causing any injury, specially an irreparable injury, such action on the part of the court would benefit both the partnership and individual creditors of the members, as partners and as individuals, by securing to them a speedy and uniform administration and liquidation of their respectiv rights.

Judgment affirmed.